UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHARLES ARRINGTON, | AMENDED OPINION AND ORDER |
| Petitioner, | Civil No. 05-1352-HA |
| v. | **LEAD CASE** |
| CHARLES A. DANIELS, Warden, Federal Correctional Institution, Sheridan, Oregon, | |
| Respondent. | |

_____

| | |
|---|---|
| OCTABIAN J. RILEY, | |
| Petitioner, | Civil No. 05-1342-HA |
| v. | |
| CHARLES A. DANIELS, Warden, Federal Correctional Institution, Sheridan, Oregon, | |
| Respondent. | |

_____

1 - OPINION AND ORDER

NORMAN AGUILAR, JR.,

        Petitioner,                                        Civil No. 05-1343-HA

    v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

        Respondent.

_____

HANDI IBRAHIM,

        Petitioner,                                        Civil No. 05-1344-HA

    v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

        Respondent.

_____

THEODORE VANDERHOOF

        Petitioner,                                        Civil No. 05-1345-HA

    v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

        Respondent.

_____

2 - OPINION AND ORDER

STEVEN RAJ,

       Plaintiff,                                           Civil No. 05-1347-HA

    v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

       Respondent.

_____

ALVIN GEORGE WALKER,

       Plaintiff,                                           Civil No. 05-1348-HA

    v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

       Respondent.

_____

BENNY RAY MARTIN,

       Plaintiff,                                           Civil No. 05-1350-HA

    v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

       Respondent.

_____

3  -  OPINION AND ORDER

MILTON THOMAS,

       Plaintiff,                                              Civil No. 05-1351-HA

      v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

       Respondent.
_____

MARIO ANDRES WILLIAMS,

       Plaintiff,                                              Civil No. 05-1353-HA

      v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

       Respondent.
_____

JUAN DELOCHA VAUGHN,

       Plaintiff,                                              Civil No. 05-1354-HA

      v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

       Respondent.
_____

4 -  OPINION AND ORDER

GREGORY VILLAFRANCO,

       Plaintiff,                                             Civil No. 05-1355-HA

   v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

       Respondent.
_____

ERIC CARTER,

       Plaintiff,                                             Civil No. 05-1356-HA

   v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

       Respondent.
_____

RICHARD ESTURDEVANT,

       Plaintiff,                                             Civil No. 05-1357-HA

   v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

       Respondent.
_____

5  -  OPINION AND ORDER

DOMINIQUE E. JIMERSON,

       Plaintiff,                                           Civil No. 05-1359-HA

      v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

       Respondent.

_____

ERIC SISCO,

       Plaintiff,                                           Civil No. 05-1418-HA

      v.

CHARLES A. DANIELS, Warden,
Federal Correctional Institution,
Sheridan, Oregon,

       Respondent.

_____

HAGGERTY, Chief Judge:

      Numerous petitions for a Writ of Habeas Corpus were filed with this court challenging certain policy statements of the Drug and Alcohol Treatment Progam (DAP) implemented by the Bureau of Prisons (BOP) as promulgated in violation of the Administrative Procedures Act (APA). These cases alleged the same constitutional violations. Accordingly, they were consolidated by the court and the cases of *Arrington v. Daniels*, 05-1352-HA, and *Williams v. Daniels*, 05-1346-HA, were designated as lead cases. Opinions will be issued for the two lead cases. This opinion addresses the lead case of *Arrington v. Daniels*, 05-1352-HA, and its member cases.

6 - OPINION AND ORDER

On August 30, 2005, petitioner filed a Petition for a Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241.  Petitioner asserts that invalid DAP policy statements were relied upon to deny him early release, in violation of his constitutional rights.

## BACKGROUND

Section 3621(b) of the United States Code directs the BOP to provide substance abuse treatment to prisoners who have a "treatable condition of substance addiction or abuse."  As an incentive for prisoners to seek treatment, Congress made one-year sentence reductions available to prisoners who completed the substance abuse treatment programs.  28 U.S.C. § 3621(e)(2)(B).  These reductions were established in 1994.  In the legislation, Congress mandated that only nonviolent offenders are eligible for a sentence reduction, and that the sentence reduction may not exceed one year.  *Id*.

Prior to 1997, the BOP's implementing regulation and program statements defined "nonviolent" offense to exclude any conviction accompanied by the possession of a firearm or other dangerous weapon.  *See* P.S. 5161.02 (July 24, 1995).  The Ninth Circuit rejected this interpretation, holding that the BOP must define the term "nonviolent offense" in accordance with previous judicial interpretation, and concluding that firearm possession fell within the definition of a nonviolent offense.  *Davis v. Crabtree*, 109 F.3d 566, 569-70 (9th Cir. 1997); *see also Downey v. Crabtree*, 100 F.3d 662, 667 (9th Cir. 1996) (a crime categorized as nonviolent for Sentencing Guidelines purposes must be construed as nonviolent for DAP eligibility).

In response, the BOP amended its regulation and program statements governing prisoners' eligibility for early release.  *See* 62 Fed. Reg. 53690 (Oct. 15, 1997) (1997 Interim Rule).  Relying

on the BOP's discretion rather than on an interpretation of the term "nonviolent offense," the 1997 Interim Rule excluded the same prisoners from early release eligibility as those who were ineligible under the old rules. *Id*. Prisoners were not eligible for early release if their current offense was a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon. *Id*. The BOP acknowledged that some offenses excluded by the regulation were nonviolent offenses, but noted that the implementing statute did not mandate that all nonviolent offenders must receive early release, and asserted that the issue of sentence reduction eligibility was within the discretion of the BOP. *Id*. The courts agreed with the BOP and upheld the 1997 Interim Rule as a valid exercise of the BOP's discretion. *See Lopez v. Davis*, 531 U.S. 230, 238 (2001) (affirming the Eighth and Ninth Circuits' analysis that the BOP permissibly exercised discretion in developing categorical exclusions); *Bowen v. Hood*, 202 F.3d 1211 (9th Cir. 2000).

Although courts found the substance of the 1997 Interim Rule to be within the BOP's discretion, the rule was invalidated on a subsequent procedural challenge because it was promulgated in violation of the notice-and-comment provision of the APA. *See Paulsen v. Daniels*, 413 F.3d 999, 1004 (9th Cir. 2005).

On December 22, 2000, the BOP finalized the previous interim rules (2000 Final Rule). *See* 65 Fed. Reg. 80,745 (Dec. 22, 2000). The substance of the 2000 Final Rule is unchanged from the 1997 Interim Rule, but the 2000 Final Rule cured the prior notice-and-comment deficiencies.

Petitioner was convicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced to incarceration for thirty months. At the time of his petition, petitioner had been informed that he was ineligible for a sentence reduction because he had been

8 - OPINION AND ORDER

convicted of a felony that involved possession of a firearm.  Such offenses are ineligible for a sentence reduction under the 2000 Final Rule.  Petitioner challenges the policy statements that are being relied upon in denying him a sentence reduction.

## STANDARDS

Under the APA, agency actions, findings and conclusions will be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  18 U.S.C. § 706(2)(a); *see also Pac. Coast Fed'n of Fishermen's Ass'ns. v. U. S. Bureau of Reclamation*, 426 F.3d 1082, 1090 (9th Cir. 2005).  The scope of review is highly deferential, presumes the agency action to be valid, and requires affirming the agency action if a "reasonable basis exists for its decision."  *Kern County Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006) (internal quotations and citations omitted).  Under this narrow review, a court may not substitute its judgment for that of the agency.  *Id*.

Exhaustion of administrative remedies is not a jurisdictional requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241.  *Hicks v. Hood*, 203 F. Supp. 2d 379, 382 (D. Or. 2002) (the exhaustion requirement of the Prison Litigation Reform Act does not expressly apply to habeas petitions filed pursuant to 28 U.S.C. § 2241).  Moreover, exhaustion of administrative remedies may be excused if futile.  *Fraley v. U. S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).

## ANALYSIS

Respondent argues that review before this court is improper because petitioner has failed to exhaust his administrative remedies.  In this case, exhaustion would be futile because any

9  -  OPINION AND ORDER

administrative remedy is decided under the 2000 Final Rule, which itself is being challenged as invalid. Moreover, as noted above, exhaustion is not a jurisdictional requirement.

It is undisputed that the BOP has the authority to create categorical exclusions from sentence reduction eligibility under the DAP program. *Lopez*, 531 U.S. at 242. The *Lopez* Court upheld the reasoning of the Eighth Circuit Court of Appeals' that the BOP had authority to devise a regime determining eligibility for sentence reductions based on criteria that can be applied uniformly. *Id*. at 237.

The *Lopez* Court also addressed the issue of excluding nonviolent offenses that involve a firearm. The Court held that such an exclusion is permissible, and that the BOP:

> reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision.

*Id*. at 244 (footnote omitted). Accordingly, the Court recognized the discretionary power of the BOP to "delineate, as an additional category of ineligible inmates, those whose current offense is a felony involving a firearm." *Id*. at 238.

Petitioner argues that although the BOP has authority to implement categorical exclusions of statutorily eligible prisoners, the BOP violated the APA by failing to provide "a rationale and supporting data for its decision in the course of promulgating the rule." Petitioner's Supp. Reply, at 2. Petitioner argues that this failure renders the 2000 Final Rule arbitrary and capricious.

The disputed decision here is the BOP's exclusion of prisoners from early release under the DAP program if they have been convicted of nonviolent felonies that involve firearms or other dangerous weapons. As noted by the *Lopez* Court, such crimes suggest a greater readiness to resort

to violence. *Lopez*, 531 U.S. at 244. Additionally, as argued by the BOP in *Lopez*, pre-conviction conduct, involvement of firearms, and recidivism are factors that can aid in identifying those prisoners who might "pose a particular risk to the public" and should not be granted early release. *Id.* at 236.

In the promulgation of the 2000 Final Rule, the BOP noted that without categorical exclusions, it "could not apply the regulation in a uniform and consistent manner." 65 Fed. Reg. 80,745, 80,747. The *Lopez* Court acknowledged the importance of a regime that can be applied uniformly. *Lopez*, 531 U.S. at 243-44. In promulgating its rule, the BOP acknowledged that some of the categorical exclusions would include nonviolent offenders. However, the BOP explained that the implementing statute did not require all nonviolent offenders receive a sentence reduction, and that such decisions were left to the discretion of the BOP. 65 Fed. Reg. 80,745, 80,747.

In this case, there is a reasonable basis for the categorical exclusions in the 2000 Final Rule. *Kern County*, 450 F.3d at 1076. This court follows the Supreme Court's recognition that it is reasonable to consider the excluded prisoners as posing a greater risk upon release. *Lopez*, 531 U.S. at 240-41. The need for a uniformly applicable regime for determining eligibility provides another reasonable basis for the rule, and the BOP's explanation of its discretion to create such a regime in the rule promulgation is sufficient to withstand APA judicial review. Accordingly, this court concludes that the 2000 Final Rule is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 18 U.S.C. § 706(2)(a).

**CONCLUSION**

After carefully reviewing the briefs, record, and relevant law, this court concludes that the 2000 Final Rule promulgated by the BOP is not in violation of the APA.  Accordingly, petitioner's petition [1] is DENIED.

IT IS SO ORDERED.

DATED this 8TH Day of December.
 nunc pro tunc July 26, 2006.

        /s/ Ancer L. Haggerty
        Ancer L. Haggerty
        United States District Judge